UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LANCE TAYLOR,

          Plaintiff,

Case No. 1:19-cv-788

v.

Honorable Janet T. Neff

B. HADDON et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claims for injunctive relief.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains, however, occurred at the Bellamy Creek

Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Plaintiff sues Resident Unit Manager B. Haddon and Prison Counselor C. Ritter.

Plaintiff asserts that he is being retaliated against for filing a previous lawsuit, which is currently pending in this court: *Taylor v. Haddon et al.*, Case No. 1:19-cv-754. Plaintiff alleges that on August 21, 2019, he submitted an affidavit to Defendant Ritter during legal mail rounds. Defendant Ritter returned ten minutes later and informed Plaintiff that Defendant Haddon told him not to notarize the affidavit after he saw Plaintiff's name on the envelope. Plaintiff filed a grievance regarding the denial. On August 23, 2019, Defendant Haddon reviewed the grievance with Plaintiff and subsequently told Defendant Ritter to notarize the affidavit.

On August 29 and 30 of 2019, Defendant Ritter failed to process Plaintiff's legal mail, stating that since Plaintiff wanted to file grievances and get Defendant Haddon in trouble, he would have to find some other way to send his out his mail. On September 4 and 10 of 2019, Defendant Ritter again failed to process Plaintiff's legal mail and, on September 10, 2019, he refused to notarize a document for Plaintiff, stating that he was not going to get involved. Plaintiff filed a grievance on September 11, 2019, and Defendant Haddon reviewed the grievance with Plaintiff on September 13, 2019. On September 17, 2019, Plaintiff submitted an authorized disbursement to Defendant Ritter for three envelopes for legal mail. However, on September 19, 2019, Defendant Ritter told Plaintiff that he did not have anything coming. On September 20, 2019, Defendant Haddon refused to take Plaintiff's legal photocopy form. Plaintiff filed grievances on both Defendants.

On September 24, 2019, Defendant Ritter entered Plaintiff's cell while he was being treated in health care. Defendant Ritter tossed two § 1983 complaint forms in the toilet. Plaintiff filed a grievance. Plaintiff states Defendants have continued to interfere with his ability

to send out legal mail. As a result, Plaintiff has had to give his food trays to other prisoners in exchange for postage to send out his legal mail.

Plaintiff claims that Defendants violated his First Amendment right to be free from retaliation. Plaintiff seeks injunctive relief and damages in the amount of $1,500.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Retaliation

Plaintiff claims that Defendants Haddon and Ritter retaliated against him for filing a prior lawsuit on Defendant Haddon by interfering with his ability to get his affidavits notarized, obtain photocopies, and send out legal mail. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). The Court concludes that Plaintiff has alleged sufficient allegations to support his retaliation claims against both Defendants.

## IV. Injunctive relief

Plaintiff is seeking both injunctive relief and damages. The record indicates that Plaintiff has been transferred out of Bellamy Creek and is now incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. Therefore, Plaintiff is no longer under the control or custody of Defendants. The Sixth Circuit has held that transfer to another prison facility moots prisoner injunctive and declaratory claims. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Howard v. Heffron*, No. 89-1195, 1989 WL 107732 (6th Cir. Sept. 20, 1989); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). These Sixth Circuit opinions contain only brief explanations of the reasoning supporting this rule. Underlying the rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the *result* of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g., Lyons*, 461 U.S. at 102; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988); *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally. *Lyon*, 461 U.S. at 102; *O'Shea*, 414 U.S. at 495-96.

In the present action, the possibility that Plaintiff will be subjected to the same alleged unconstitutional activity is too speculative to warrant injunctive relief. There has been no showing of a "reasonable expectation" nor a "demonstrated probability" that Plaintiff will be returned to the Bellamy Creek Correctional Facility and be subjected to these allegedly

unconstitutional conditions by the same defendants. Thus, there is no evidence of "immediate danger" of injury. Accordingly, in the opinion of the undersigned, Plaintiff's requests for injunctive relief should be dismissed.[1]

## V. Pending motions

Plaintiff has filed a motion for a preliminary injunction (ECF No. 4) in which he seeks an order preventing Defendants from continuing to retaliate against him. However, as noted above, Plaintiff has been transferred to a different prison and is no longer under the control of the named Defendants. Therefore, his motion for preliminary injunction will be denied as moot.

Finally, Plaintiff's second application to proceed *in forma pauperis* (ECF No. 7) is also moot, as Plaintiff has already been granted pauper status in this case.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims for injunctive relief will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's claims for damages which assert that Defendants Haddon and Ritter retaliated against him in violation of the First Amendment remain in the case.

An order consistent with this opinion will be entered.

Dated:  December 16, 2019          /s/ Janet T. Neff
                                   Janet T. Neff
                                   United States District Judge

---

[1] The exception which provides that a claim does not become moot where it is capable of repetition, yet evades review, does not apply. This doctrine applies only in exceptional circumstances, and generally only where the plaintiff "can make a reasonable showing that he will again be subjected to the alleged illegality." *Lyons*, 461 U.S. at 109. Plaintiff cannot make such a showing in this case.